UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON MICHAEL GAINES                                                     PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:21-CV-758-CRS

HONORABLE TARA HAGERTY INDIVIDUALLY                   DEFENDANTS
AND IN HER OFFICIAL CAPACITY AS JUSTICE
OF THE 30TH JUDICIAL CIRCUIT, FAMILY DIVISION
5; REXENA NAPIER INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS FRIEND OF THE COURT;
ROSEMARIE STURGEON, PETITIONER; THOMAS
DENBOW, ATTORNEY TO PETITIONER.

**MEMORANDUM OPINION**

This matter is before the Court on the motions of Defendant Rexena Napier ("Napier") and of Defendant Judge Tara Hagerty ("Judge Hagerty") to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6). DNs 6 and 8. The plaintiff, Jason Michael Gaines ("Gaines"), has responded to both motions (DNs 13 and 20) and Napier and Hagerty ("Defendants") have each replied (DNs 21 and 22).[1] These matters are now ripe for adjudication. For the reasons stated below, both motions will be granted.

*I.     Procedural Posture of Case*

On December 21, 2021, Gaines filed a *pro se* complaint (DN 1) in this Court pursuant to 42 U.S.C. § 1983, claiming that Defendants violated Gaines' constitutional rights during the legal

---

[1] Two other defendants, Rosemarie Sturgeon and Thomas Denbow, were named in the complaint. DN 1, PageID# 3. Neither of these defendants answered or filed a motion in lieu of answer. However, based on the record, the Court does not believe that these defendants were properly served process. An order requiring Gaines to show good cause why these defendants should not be dismissed will be issued separately.

1

proceedings for a custody dispute in Jefferson Family Court in Jefferson County, Kentucky. DN 1-1. Defendants have each moved to dismiss the complaint for lack of subject matter jurisdiction under F. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under F. R. Civ. P. 12(b)(6). Both have asserted absolute immunity.

In addition to the instant action, Gaines has simultaneously filed an appeal in the Family Court case to the Kentucky Court of Appeals. *See generally*, 2021-CA-0710-MR.

## II.     Legal Standard

When assessing whether a claim should survive a motion to dismiss, a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)). A motion to dismiss may be granted "if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

When faced with a motion to dismiss, "the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (citation and quotation marks omitted). "[A] court may take judicial notice of other court proceedings without converting [a motion to dismiss] into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget*

*v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)); *Rigney v. Hesen*, No. 3:12-CV-541-R, 2013 WL 3475449 at n.2 (W.D. Ky. July 10, 2013) (taking judicial notice of certain documents filed in the state child custody case).

### III.   Factual Background

The following facts are compiled from the complaint, the responsive briefing, and the state court record. Unless otherwise indicated, these facts appear to be undisputed.

Gaines' claims arise from Jefferson Family Court case no. 18-CI-501153 ("the Family Court case"). *See generally* DN 1. Judge Hagerty has presided over the Family Court case since it began in 2018. DN 8, PageID# 87. Napier was appointed as Friend of the Court ("FOC") by court order on March 1, 2019 for the purpose of investigating, reporting to the court, and making custodial recommendations on behalf of the court. DN 6, PageID# 39. Napier was relieved of her duties as FOC by court order on July 2, 2021. *Id.*

In September 2018, Judge Hagerty ordered that Gaines' minor daughter reside primarily with her mother, Rosemarie Sturgeon ("Sturgeon"). Sept. 4, 2018 Order, DN 7-1. Gaines was ordered to pay monthly child support (*Id.*), the amount of which was increased by court order in January 2020 (Jan. 7, 2020 Order, DN 7-4). Judge Hagerty later ordered Gaines to additionally pay Sturgeon an amount equal to the income tax refund she would have received if Gaines had not claimed the daughter as a dependent on his 2019 income tax returns. Aug. 21, 2020 Order, DN 7-5. Also in the August 21, 2020 Order, Judge Hagerty found Gaines in contempt of court for his failure to pay child support and ordered Gaines to make additional monthly payments toward his arrearage. *Id.* Later, in May 2021, Judge Hagerty warned Gaines that he could face sanctions, including imprisonment, for his failure to purge himself of the contempt. May 21, 2021 Order, DN 7-6.

Sturgeon filed a motion asking the court to 1. hold Gaines in contempt for his "willful failure to pay child support"; 2. order Gaines to pay her "reasonable attorney's fees for litigating this matter"; and 3. sentence Gaines to incarceration "for his failure to purge himself for his prior contempt." *See* Dec. 9, 2021 Order, DN 7-7, PageID# 82. On November 22, 2021, the morning of a scheduled hearing on this motion, Gaines filed a petition under Ky. Rev. Stat. § 26A.020 to have Judge Hagerty disqualified from the Family Court case for alleged bias. DN 1-1, PageID# 8-9. Gaines provided a copy of the petition to the clerk of court and to the Sheriff's deputy, and then left, not staying for the hearing. *Id.* On December 9, 2021, after the Chief Justice of the Kentucky Supreme Court issued a decision denying Gaines' petition for Judge Hagerty's disqualification (entered Dec. 1, 2021), Judge Hagerty entered an order from the November 22, 2021 hearing, finding Gaines in contempt, issuing bench and arrest warrants, and sentencing him to jail for 179 days. DN 7-7, PageID# 84. Gaines initiated the instant action on December 21, 2021. DN 1.

### IV.     Basis for Instant Action

Gaines seeks to recover under 42 U.S.C. § 1983 for various alleged constitutional violations. He maintains that Judge Hagerty violated his 1. Fourth Amendment right to be free of unreasonable seizure (DN 1, PageID# 3; DN 1-1, PageID# 13); 2. Eighth Amendment right to be free of disproportionate penalties (DN 1, PageID# 3; DN 1-1, PageID# 12); (3) constitutional due process rights (DN 1, PageID# 3; DN 1-1, PageID# 13); (4) Fourteenth Amendment right to equal protection (*Id.*); and (5) right to parent his child (*Id.*). With respect to Napier, Gaines seems to allege that she 1. violated his constitutional rights under color of law in her capacity as FOC (DN 1, PageID# 3-4); 2. "flaunted" the "rules of evidence and expert witness statements" (DN 1-1, PageID# 14); and 3. conspired or colluded with opposing counsel (*Id.*).

Gaines challenges the validity of the December 9, 2021 Order, claiming that Judge Hagerty did not have jurisdiction either at the time of the November 22, 2021 hearing or at the time she drafted the December 9, 2021 Order. DN 1, PageID# 11. Gaines also disputes the legitimacy of Judge Hagerty's order for Gaines to pay attorney's fees (*Id.*, PageID# 12) and her custody modifications at different times during the Family Court case (*Id.*, PageID# 13-14). He further claims that there were no hearings for his motions to hold Sturgeon in contempt. *Id.*, PageID# 14-15. On these bases, he asks the Court to void Judge Hagerty's orders and judgments "concerning custody or support" and to grant him full custody of his daughter "with no less than the recommended 90 day isolation from her mother." *Id.*, PageID# 7. He also seeks to recover "any damages that occur after this [suit] is filed as a result of [Judge Hagerty's] orders and judgments," in addition to current and future court and attorney's fees and the cost of future therapy for his daughter. *Id.*

### V.    *Immunity*

Napier and Hagerty both raise absolute immunity as a defense. DN 6, PageID# 50; DN 8, PageID# 95.

*Napier*

Under U.S. Supreme Court precedent, absolute immunity can apply to certain persons "who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). In *Johnson v. Granholm*, the Sixth Circuit extended this "quasi-judicial" immunity to FOC defendants after examining the duties and responsibilities of the FOCs as prescribed by state law. 662 F.2d 449, 450 (6th Cir. 1981).

In Kentucky,

> [C]ourts addressing custody and visitation disputes have broad rule and statutory authority to obtain the assistance of various

5

> professionals to help them understand the custodial situation and to make a determination as to the child or children's best interest. That authority includes the ability to appoint an attorney as a *de facto* friend of the court to investigate the circumstances on the court's behalf, to file a report summarizing his or her findings, and to make custodial recommendations.

*Morgan v. Getter*, 441 S.W.3d 94, 118 (Ky. 2014). In this "investigative" role, the FOC "serves as the court's agent, not the child's[.] . . . The investigator's file must be made available to the parties, and the investigator himself or herself must be available for cross-examination." *Id.* at 113.

The Sixth Circuit has held that "[q]uasi-judicial immunity shields guardians *ad litem* for . . . actions they take while investigating, gathering information about the parents and children, and reporting to the court their custody recommendations." *Arsan v. Keller*, 784 F. App'x 900, 908 (6th Cir. 2019) (citing *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984)). As FOC in the Family Court case, Napier was acting under court order and pursuant to the duties prescribed by Kentucky law to assist the state court in making a determination as to the best interest of Gaines' daughter. Thus, as with guardians *ad litem*, Napier is entitled to absolute quasi-judicial immunity from Gaines' claims.

*Hagerty*

To determine whether a judge is entitled to absolute judicial immunity, the Court must apply a two-part test. First, the Court must determine whether the act complained of is "judicial" or, in other words, "whether it is a function normally performed by a judge[.]" *Stump*, 435 U.S. at 362. Second, the Court must determine "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* The Court finds that Judge Hagerty's acts of holding a hearing on November 22, 2021 and drafting the order issued on December 9, 2021 were both "judicial" functions performed by Judge Hagerty in her official, judicial capacity. Ky. Rev. Stat. §

23A.100(1)(b); Ky. Rev. Stat. § 403.240. Because Gaines' allegations concern the defendant as a judge of the Kentucky Court of Justice, absolute immunity attaches *ipso facto* to all of Gaines' claims.

In an attempt to overcome the deficiency of his claims, Gaines alleges that judicial immunity does not extend to Judge Hagerty because she acted in the absence of jurisdiction when she held the hearing on November 22, 2021—just after Gaines filed the Ky. Rev. Stat. § 26A.020 petition—and when she drafted the order that was entered on December 9, 2021—after the Chief Justice had denied Gaines' petition. DN 1, PageID# 11. Gaines' argument is without merit. So long as the court maintained subject matter jurisdiction over the dispute and personal jurisdiction over the parties, Judge Hagerty is entitled to immunity from suit. *See Brookings v. Clunk*, 389 F.3d 614, 623 (6th Cir. 2004) (finding that "a judge acts in the clear absence of all jurisdiction only when the matter upon which [s]he acts is clearly outside of the *subject matter* of the court over which [s]he presides." (internal quotation marks and citations omitted) (emphasis added)); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) ("Only in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity."). Based on a review of Kentucky law, we find that the Jefferson Family Court had subject matter jurisdiction.[2]

Kentucky Revised Statute 23A.100 establishes the jurisdiction of the Kentucky family court divisions of the Kentucky Circuit Courts. Specifically, Ky. Rev. Stat. § 23A.100(1)(b) grants jurisdiction to the family courts over child custody disputes. Kentucky courts have made clear that a petition under Ky. Rev. Stat. § 26A.020 does not "strip the family court of subject matter jurisdiction." *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 443 (Ky. Ct. App. 2012). Rather, while

---

[2] The Court also notes that the state court retained personal jurisdiction throughout the Family Court case. This jurisdiction was established as soon as Gaines participated in the case and "indicate[d] an intention to defend." *Cann v. Howard*, 850 S.W.2d 57, 62 (Ky. Ct. App. 1993) (explaining that a personal judgment can be rendered against a defendant who has "appeared the action" by "so participat[ing] in the action as to indicate an intention to defend").

7

such a petition is pending, only the court's jurisdiction over that *particular case* is suspended until the Chief Justice renders a decision on the petition. *Id.* at 444. Thus, Judge Hagerty's decision to hold the November 22, 2021 hearing while Gaines petition was pending before the Chief Justice was not fatally defective.

Regarding the December 9 Order, the date on which this order was drafted is wholly irrelevant. This order was not entered until after the Chief Justice denied Gaines' Ky. Rev. Stat. § 26A.020 petition and the court's jurisdiction over Gaines' case was restored. Moreover, even if Judge Hagerty had entered the December 9 Order prior to the Chief Justice's decision regarding the Ky. Rev. Stat. § 26A.020 petition, once the petition was denied, the order would have been "afforded full force and effect." *Shafizadeh*, 444 S.W.3d at 444. Accordingly, Judge Hagerty is shielded by absolute judicial immunity from civil liability on Gaines' claims.

## VI. *Abstention*

Moreover, the Court is prohibited by *Younger v. Harris*, 401 U.S. 37 (1971) from exercising jurisdiction over this case. Under *Younger*, federal courts are precluded from interfering with "ongoing state criminal prosecution," "certain civil enforcement proceedings," and "'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' such as contempt orders." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citations omitted). In the instant case Gaines challenges all state court orders and judgments involving custody and support. DN 1, PageID# 7. This puts at issue 1. the May 24, 2021 Order finding that Gaines had failed to purge himself from contempt of court (2021-CA-0710-MR); and 2. the bench and arrest warrants for contempt issued by the state court in the December 9, 2021 Order (DN 7-7, PageID# 84). Though the present action is not a criminal prosecution, it does involve civil proceedings involving certain orders that are uniquely in furtherance of the state

8

courts' ability to perform their judicial functions. Accordingly, the Court must apply *Younger*. *Parker v. Turner*, 626 F.2d 1, 4 (6th Cir. 1980) ("[T]he state's interest in preserving the integrity of its contempt proceedings, as well as its domestic relations cases, requires us to analyze this case under *Younger*." (internal citations omitted)).[3]

Younger requires the Court to consider whether "1. state proceedings are currently pending; 2. the proceedings involve an important state interest; and 3. the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Id.* (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34 (1982).

***Pending State Proceedings***

Gaines has appealed the May 21, 2021 Order but has not appealed the December 9, 2021 Order. The U.S. Supreme Court has stated that, "[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." *New Orleans Public Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989). As a result, "a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court." *Id.* Put simply, a "necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking

---

[3] The Sixth Circuit has held that *Younger* is inapplicable when there are federal questions that do not "entangle us in the merits of the state child support proceedings, and accordingly we may answer them without treading on protected state interests*." Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015). However, in the case at bar, the merits and validity of the state court child support proceedings are directly challenged. Specifically, Gaines claims that "the objective facts do not justify the initial order of support" that led to the state court holding Gaines in contempt and, ultimately, issuing a warrant for his arrest. DN 20, PageID# 332. Moreover, Gaines explicitly asks that all orders and judgments issued in the Family Court case related to custody or support be "voided" and for damages incurred "as a result of" these orders and judgments. DN 1, PageID# 7. In undertaking a review of the decisions rendered by the state court, this Court would be entangled in the merits of the state courts' rulings.

relief in the District Court." *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)). It is improper for this Court to intervene in matters that have not been exhausted in the state court system.

Further, in Kentucky, child custody and support orders are subject to modification at any time. Ky. Rev. Stat. § 407.5205(1) ("A tribunal of this state that has issued a child support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order . . . ."). Therefore, state court remains a pending forum for Gaines to bring his complaints and precludes this Court's exercise of jurisdiction. *See Etlin v. Dalton*, 673 F.2d 1309 (4th Cir. 1981) (applying identical statute from Virginia to justify *Younger* abstention).

*Important State Interest*

Regarding the second factor from *Younger*, both the U.S. Supreme Court and Sixth Circuit recognize that a state has a compelling and overriding interest in administering its child custody and support systems. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (citing *Moore*, 442 U.S. at 435); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (applying abstention to ongoing domestic relations cases)).

*Adequate Opportunity to Address his Constitutional Claims*

Gaines has the ability to present his constitutional claims as part of the appeal process in the Courts of the Commonwealth of Kentucky. *Moore*, 442 U.S. at 435 (stating that, in the area of domestic relations, "state processes are [equal] to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation").

10

*Allegation of Bad Faith*

The only challenge Gaines makes to this Court's abstention under *Younger* rests on his assertion that the actions of the state court were in bad faith. DN 20, PageID# 332. It is clear that bad faith, is "exceptional circumstance" that warrants a disregard of *Younger* abstention. *Younger*, 401 U.S. at 53-54. Use of such an exception is "exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court." *Tindall v. Wayne Cty. Friend of Court*, 269 F.3d 533, 539 (6th Cir. 2001). For this exception to apply, a court must find "that the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Juidice v. Vail*, 430 U.S. 327, 338 (1977). In support of his claim of bad faith, Gaines merely states that "the objective facts do not justify the initial order of support, and reasonable and sustained efforts to review and correct have been ignored." DN 20, PageID# 332. This fall very short of showing a "desire to harass" or "bad faith." Therefore, *Younger* applies and the Court will abstain.

### VII. Conclusion

For the reasons discussed above, the motions of Napier and Judge Hagerty to dismiss will be granted. A separate order will be entered in accordance with this opinion.

May 17, 2022

Charles R. Simpson III, Senior Judge
United States District Court

11