UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON MICHAEL GAINES                                                                  PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:21-CV-758-CRS

HONORABLE TARA HAGERTY INDIVIDUALLY                 DEFENDANTS
AND IN HER OFFICIAL CAPACITY AS JUSTICE
OF THE 30TH JUDICIAL CIRCUIT, FAMILY DIVISION
5; REXENA NAPIER INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS FRIEND OF THE COURT;
ROSEMARIE STURGEON, PETITIONER; THOMAS
DENBOW, ATTORNEY TO PETITIONER.

**MEMORANDUM OPINION**

This matter is before the Court on the motion of Plaintiff Jason Michael Gaines ("Gaines") to alter or amend the judgment dismissing Gaines' claims against Defendants Rexena Napier ("Napier") and Judge Tara Hagerty ("Judge Hagerty") pursuant to Fed. R. Civ. P. 59(e). DN 30. Napier and Judge Hagerty (collectively, "Defendants") have each responded (DNs 31 and 32) and Gaines has replied (DNs 33 and 35). Thus, the matter is now ripe for adjudication. As discussed below, Gaines has not set forth grounds for reconsideration of the Court's order granting Defendants' motions to dismiss and, hence, his motion will be denied.

*I.*

On December 21, 2021, Gaines filed a *pro se* complaint (DN 1) in this Court pursuant to 42 U.S.C. § 1983, claiming that Defendants violated Gaines' constitutional rights during the legal proceedings for a custody dispute in Jefferson Family Court in Jefferson County, Kentucky. DN 1-1. Defendants each moved to dismiss the complaint for lack of subject matter jurisdiction under

1

F. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under F. R. Civ. P. 12(b)(6). Both Defendants also raised the defense of absolute immunity. This Court granted both motions, finding that Napier and Judge Hagerty were both entitled to absolute immunity and that the Court was prohibited from exercising jurisdiction over the matter under *Younger v. Harris*, 401 U.S. 37 (1971). DN 26. Accordingly, the claims against these Defendants were dismissed with prejudice. DN 27. Gaines now asks the Court to reconsider. DN 33.

## *II.*

A petition made pursuant to Fed. R. Civ. Pro. 59(e) ("Rule 59(e)") allows a district court an opportunity to fix its own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). A Rule 59(e) motion should be granted when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and quotation marks omitted); *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").

## *III.*

Gaines disputes certain of the Court's factual findings, maintains that the Court erred in its determination that Napier and Judge Hagerty were entitled to immunity and asks the Court to

"revisit" the issue of abstention under *Younger*. DN 30, PageID# 450-51. Each of these matters will be addressed in turn.

A. *Findings of Fact*

Gaines takes issue with two statements presented as "undisputed" facts in the "Factual Background" of this Court's memorandum opinion (DN 26) accompanying the order dismissing his claims. DN 30, PageID# 450-51 (quoting DN 26, PageID# 436). However, as discussed below, Napier and Judge Hagerty are both entitled to absolute immunity and *Younger* prohibits the Court from intervening in this matter. Thus, the factual findings that Gaines disputes have no bearing on the legal resolution that is mandated in the present action.

B. *Immunity of Napier and Judge Hagerty*

Gaines claims that the Court "erred in the determination of immunity for Defendant Napier" and "erred in the application of case law as it pertains to this case and the determination of immunity for Defendant Hagerty." DN 30, PageID# 450-51. "The clear error of law standard under Rule 59(e) is exceptionally high, requiring the movant to 'establish not only that the errors were made, but that these errors were so egregious that an appellate court would not affirm the judgment.'" *Barnett v. First Nat'l Bank of Omaha*, Civil Action No. 3:20-cv-337-CHB, 2022 U.S. Dist. LEXIS 104029, at *5 (W.D. Ky. June 10, 2022) (quoting *Salinas v. Hart*, No. CV 15-167-HRW, 2020 U.S. Dist. LEXIS 57132, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020) (internal quotation marks omitted). "A clear error of law occurs where the original ruling 'overlooked or disregarded' some 'argument or controlling authority' or where the moving party 'successfully points out a manifest error.'" *Id.* (quoting *United States v. Ladeau*, No. 3:10-CR-00242-1, 2012 U.S. Dist. LEXIS 164281, 2012 WL 5838125, at *2 (M.D. Tenn. Nov. 15, 2012)).

1. *Napier*

Gaines has not shown any clear error in the Court's interpretation and application of Sixth Circuit jurisprudence on the issue of immunity for a Friend of the Court. DN 30, PageID# 452-54. According to Gaines, as Friend of the Court, Napier should only have been entitled to qualified, not absolute, immunity and, because she did not act in good faith, Napier should not be shielded from liability under 42 U.S.C. § 1983. *Id.* Gaines makes much of the fact that the Sixth Circuit in *Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) describes the immunity enjoyed by Friends of the Court as "similar to," as opposed to "identical to," the absolute immunity enjoyed by public prosecutors and claims this indicates that the court did not intend to extend absolute immunity to Friends of the Court. DN 33, PageID# 474-75. Gaines asserts that the court in *Johnson* "would have been well aware that the Supreme Court . . . had begun to signal it was moving away from absolute immunity for all but Judges" and cites two U.S. Supreme Court cases—*Scheuer v. Rhodes*, 416 U.S. 232 (1974) and *Wood v. Strickland*, 420 U.S. 308 (1975)—that he claims support this argument. *Id.*, PageID# 453.

Gaines' argument is without merit. The Supreme Court has explicitly stated that individuals who are "'integral parts of the judicial process'" are shielded by absolute immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (quoting *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)); *see also Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (finding that a prosecutor was absolutely immune for his activities that "were intimately associated with the judicial phase of the criminal process"). The defendants seeking immunity in the Supreme Court cases cited by Gaines were not such individuals[1] and, thus, those cases are of no import to the instant motion.

In *Johnson*, the Sixth Circuit recognized that judicial immunity extended to a Friend of the Court when performing "quasi-judicial duties" prescribed by Michigan law. 662 F.2d at 450.

---

[1] The defendants in *Scheuer v. Rhodes* were officers of the executive branch (416 U.S. at 247) and the defendants in *Wood v. Strickland* were school board members (420 U.S. at 314).

4

Though Gaines questions whether the court meant the immunity afforded to the Friend of the Court to be absolute, any doubt about the Sixth Circuit's intentions in *Johnson* is dispelled by its later decisions. In *Sparks v. Character & Fitness Committee*, the court emphasized that "public policy requires absolute immunity for public officials performing quasi-judicial functions in a number of circumstances" and noted that its holding in *Johnson* granted such immunity to Friends of the Court. 859 F.2d 428, 430-31 (6th Cir. 1988). Later, in *Bush v. Rauch*, the Sixth Circuit once again cited *Johnson* as an example of "absolute judicial immunity" being "extended to non-judicial officers who perform 'quasi-judicial' duties." 38 F.3d 842, 847 (6th Cir. 1994).[2]

As a Friend of the Court, Napier was charged with investigating and submitting to the court a report "concerning custodial arrangements for the child." Ky. Rev. Stat. § 403.300. *See also In re Order Amending the Family Court Rules of Procedure & Practice (FCRPP)*, No. 2020-01, 2020 Ky. LEXIS 1, at *19 (Jan. 3, 2020) (describing a Friend of the Court as "an investigator who advises the court"). Thus, Napier's position as a Friend of the Court "clearly place[d] [her] squarely within the judicial process" and she is shielded by quasi-judicial immunity against Gaines' 42 U.S.C. § 1983 claim. *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). Therefore, Gaines has not shown clear error of law in the Court's determination that Rule 59(e) relief is not warranted on these grounds.

*2. Judge Hagerty*

Gaines' argument that the Court erred in its finding that Judge Hagerty is entitled to absolute judicial immunity is also untenable. DN 30, PageID# 451, 454-55. "The Supreme Court

---

[2] *See also West v. Berkman*, No. 19-2384, 2020 U.S. App. LEXIS 25450, at *7-8 (6th Cir. Aug. 11, 2020) (finding that a Friend of the Court was entitled to absolute immunity for the performance of quasi-judicial duties); *Moore v. County of Muskegon*, 70 F.3d 1272 (6th Cir. 1995) (affirming lower court in its decision to grant absolute quasi-judicial immunity to Friend of the Court defendants); *Nowicki v. Bruff*, 103 F.3d 130 (6th Cir. 1996) (concluding that "eight defendant Macomb County Friend of the Court employees [were] entitled to quasi-judicial immunity from suit") (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994)).

has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983." *Constant v. DTE Elec. Co.*, No. 20-1514, 2021 U.S. App. LEXIS 12932, at *5 (6th Cir. Apr. 29, 2021) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967)). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). A judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.*, at 356-57; *see also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) ("'[O]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity.'") (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc)). "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump* at 356.

This Court previously determined that Judge Hagerty was not deprived of all jurisdiction when Gaines filed a petition under Ky. Rev. Stat. § 26A.020 to have Judge Hagerty disqualified and, thus, that Judge Hagerty's judicial immunity was not disturbed by this filing. DN 26, PageID# 439-40. Gaines claims that the Court improperly relied on *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 443 (Ky. Ct. App. 2012) in making this determination. DN 30, PageID# 454. Gaines argues that *Jackson v. Commonwealth*, 806 S.W.2d 643 (Ky. 1991) compels a finding that, upon the filing of the petition, Judge Hagerty was stripped "of all jurisdiction with no qualification" and, therefore, she was not protected by judicial immunity when she held a hearing after the petition was filed. *Id.*, PageID# 454-55.

Despite Gaines' assertion to the contrary, *Jackson* does not undermine the Court's reliance on *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437 (Ky. Ct. App. 2012). In fact, the court in *Shafizadeh* directly addressed the implications of the holding in *Jackson* before deciding that a petition under

6

Ky. Rev. Stat. § 26A.020 only deprived the court of "particular case jurisdiction," which Kentucky courts distinguish from "subject matter jurisdiction." [3] *Shafizadeh*, 444 S.W.3d at 442-43. Gaines, therefore, has not shown clear error in the Court's determination that Judge Hagerty retained subject matter jurisdiction and, thus, judicial immunity, after Gaines filed his Ky. Rev. Stat. § 26A.020 petition. In the absence of clear error, there is no basis for relief under Rule 59(e).

C. Younger *Abstention*

Gaines urges the Court to "revisit" its decision to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). DN 30, PageID# 451. On dismissal, the Court stated:

> [T]he Court is prohibited by *Younger v. Harris*, 401 U.S. 37 (1971) from exercising jurisdiction over this case. Under *Younger*, federal courts are precluded from interfering with "ongoing state criminal prosecution," "certain civil enforcement proceedings," and "'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' such as contempt orders." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citations omitted). In the instant case Gaines challenges all state court orders and judgments involving custody and support. DN 1, PageID# 7. This puts at issue 1. the May 24, 2021 Order finding that Gaines had failed to purge himself from contempt of court (2021-CA-0710-MR); and 2. the bench and arrest warrants for contempt issued by the state court in the December 9, 2021 Order (DN 7-7, PageID# 84). Though the present action is not a criminal prosecution, it does involve civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. Accordingly, the Court must apply *Younger*. *Parker v. Turner*, 626 F.2d 1, 4 (6th Cir. 1980) ("[T]he state's interest in preserving the integrity of its contempt proceedings, as well as its domestic relations cases, requires us to analyze this case under *Younger*." (internal citations omitted)).

DN 26, PageID# 441-42.

---

[3] The court stated the following about "particular case jurisdiction": "'Particular case jurisdiction is a subset of subject matter jurisdiction in that a court that lacks subject-matter jurisdiction over an action will also always lack particular-case jurisdiction, but a court can have proper subject-matter jurisdiction over an action, but nonetheless lack particular case jurisdiction.'" *Shafizadeh*, 444 S.W.3d at 443 (quoting *Hisle v. Lexington-Fayette Urban County Government*, 258 S.W.3d 422 (Ky. App. 2008) (internal brackets and quotation marks omitted)).

7

Gaines first claims that the Court's "concern with the arrest warrant should be put aside as that order is voided by the lack of jurisdiction to hold the hearing that order was the product of." DN 30, PageID# 456. This Court has previously found that Gaines' argument regarding Judge Hagerty's alleged lack of jurisdiction when issuing the bench and arrest warrants is without merit. *See* DN 26, PageID# 440-41. The Court will not address this argument again.

Gaines has also provided the Court with two and a half pages of purported injustices that he claims occurred at the state level. *Id.*, PageID# 457-59. According to Gaines, these alleged wrongdoings demonstrate "bad faith" on the part of Defendants and, therefore, abstention is not mandated by *Younger*. *Id.*, PageID# 451.

To reiterate, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and quotation marks omitted). Insofar as Gaines is attempting to resurrect arguments previously presented to the Court based on claims he raised in the original complaint, these arguments and claims have already been considered by the Court and will not be "revisited." With respect to any claims that Gaines raises for the first time in the instant motion, he has not shown that such claims were derived from any newly discovered evidence that was not available prior to the entry of judgment.[4] Thus, Gaines has not articulated grounds for reconsideration.

Moreover, even if the Court were to "revisit" its finding regarding abstention in light of any new information that Gaines has provided, he still has not shown that the "bad faith" exception to *Younger* is applicable. The exception Gaines is attempting to invoke "is extremely narrow."

---

[4] Instead, Gaines indicates that he did not present these claims to the Court in his response in opposition to Defendants' motions to dismiss because he was restricted by the Court's page limit requirements. DN 30, PageID# 456-57. Gaines cites no authority to suggest that this is a valid reason for a court to consider new arguments or evidence as part of a Rule 59(e) motion.

8

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *10 (6th Cir. Nov. 27, 2018) (citation and quotation marks omitted). In fact:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions."

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *9 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001)). "Likewise, 'no Sixth Circuit case . . . has ever authorized federal intervention under the bad faith or harassment exception.'" *Doe v. Lee*, No. 3:21-cv-00809, 2022 U.S. Dist. LEXIS 71576, at *20 (M.D. Tenn. Apr. 19, 2022) (quoting *Watkins v. Ohio Dep't of Educ.*, No. 2:21-CV-04482, 2022 U.S. Dist. LEXIS 39298, 2022 WL 672565, at *7 (S.D. Ohio Mar. 7, 2022)).

None of Gaines' allegations, even if assumed to be true, rise to the level of egregious bad faith or harassment required for an exception to *Younger* abstention. Accordingly, he has not evidenced any reason that he should be afforded relief under Rule 59(e).

## *IV.*

Finally, for the first time in his reply brief to Judge Hagerty's response, Gaines attempts to make an argument for reconsideration on the grounds of "manifest injustice." DN 35, PageID# 496-97. Normally, the Court would not consider issues raised under these circumstances. *See Fenwick v. Hartford Life & Accident Ins. Co.*, 457 F. Supp. 3d 603, 626 (W.D. Ky. 2020) ("The Sixth Circuit has explained that '[g]enerally, [it] has found that an issue raised for the first time in a reply to a response brief in the district court is waived.'") (quoting *Ryan v. Hazel Park*, 279 F. App'x 335, 339 (6th Cir. 2008)). However, because of Gaines' *pro se* status, the Court will briefly address his argument.

Gaines essentially maintains that his treatment by Judge Hagerty, and in the state court system generally, constitutes "manifest injustice." DN 35, PageID# 496-97. He levels a number of accusations against Judge Hagerty, ranging from violations of Kentucky state child custody and support laws to extortion and conspiracy. DN 30, PageID# 455; DN PageID# 496-97. However, Gaines came to this Court seeking redress for alleged violations of his federal constitutional and civil rights, not to "rehash" previously litigated state court matters. This Court of limited jurisdiction[5] must only consider the federal questions raised by Gaines' petition. Gaines has not pointed to any manifest injustice that would be properly remedied by the Court reconsidering its dismissal of Gaines' 42 U.S.C. § 1983 claim.

More importantly, however, Gaines cannot defeat Judge Hagerty's absolute judicial immunity—even if all he alleges is true and even if Judge Hagerty's decisions have created conditions that are manifestly unjust. The Supreme Court has provided unequivocal guidance on this matter, stating, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority" (*Stump*, 435 U.S. at 356) and "immunity applies even when the judge is accused of acting maliciously and corruptly" (*Pierson*, 386 U.S. at 554). Once established, "absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler*, 424 U.S. at 419 n.13.

This Court has found that judicial immunity attached to the actions Gaines challenges under 42 U.S.C. § 1983. *See supra* at section III.B; DN 26, PageID# 438-41. Accordingly, Gaines' claims are defeated "at the outset" and the Court need not reach the issue of whether manifest injustice

---

[5] "Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

10

will result. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 339, 342 (6th Cir. 2009) (stating that a finding of absolute immunity relieves the court of the need to reach substantive issues, such as whether constitutional rights were violated).

Having found that Gaines has failed to set forth any grounds for relief under Rule 59(e), his motion to alter or amend the judgment dismissing his claims against Defendants will be **DENIED** in a separate order.

July 27, 2022

Charles R. Simpson III, Senior Judge
United States District Court

11