**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

JASON MICHAEL GAINES                                                              PLAINTIFF

vs.                                                        CIVIL ACTION NO. 3:21-CV-758-CRS

TARA HAGERTY, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Jason Michael Gaines ("Gaines") filed this pro se complaint pursuant to 42 U.S.C. § 1983.  DN 1.  A review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein.  Therefore, the Court will dismiss the action.

## I.    BACKGROUND

On December 21, 2021, Gaines filed a pro se complaint in this Court pursuant to 42 U.S.C. § 1983, alleging that Defendants Judge Tara Hagerty ("Hagerty"), Rexena Napier ("Napier"), Rosemarie Sturgeon ("Sturgeon") and Thomas Denbow ("Denbow") violated Gaines' constitutional rights during legal proceedings in Jefferson Family Court in Jefferson County, Kentucky.  DN 1-1.  This Court dismissed the claims against Hagerty and Napier on immunity grounds and under the *Younger* abstention doctrine.  DNs 26, 27; *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).  Claims against Defendants Sturgeon and Denbow remain.  On October 4, 2022, Gaines moved for an entry of default against Sturgeon and Denbow under Federal Rule of Civil Procedure 55(a).  DN 38.  The Clerk entered default on October 11, 2022.  DN 39.

The following facts and allegations are taken from the complaint.  Gaines and Sturgeon are parents of a female child and were involved in a custody dispute in Jefferson Circuit Court.  DN

1-1, at PageID #8; DN 1-2.  Denbow is an attorney, and he represented Sturgeon in the custody

dispute.  DN 1-1, at PageID #8.  Gaines' complaint alleges constitutional violations stemming

primarily from  two orders issued by Judge Hagerty in the Jefferson Family Court.

Gaines alleges that in a May 2021 order, Hagerty dismissed Gaines' "motion for contempt

on [Sturgeon] for violating the parenting schedule . . . without hearing."  *Id.*  Gaines appealed this

order to the Kentucky Court of Appeals.  *Id.*  Gaines alleges that the order violated parental rights

and due process rights.  *Id.* at 15.

Other alleged constitutional violations stem from a hearing to address contempt motions

that was scheduled for November 22, 2021.  *Id.* at 8.  On the morning of November 22, Gaines

"compile[d] the request for a new judge" and turned it in to the clerk.  *Id.*  Gaines states that "before

the start of the hearing, when the bailiff walked out of the courtroom into the lobby I gave him a

copy to give to Judge Hagerty."  *Id.*  Gaines states that after that: "I went on my way."  *Id.* at 9.

Gaines alleges that the process involved in a request for a new judge under Kentucky Revised

Statutes ("KRS") 26A.020 "suspends the jurisdiction of the trial judge."  *Id.*  Gaines alleges that

Judge Hagerty "went forward with the hearing *ultra vires." Id.* at 10.  Gaines' motion for a new

judge was denied on December 1, 2021.  *Id.*

On December 9, 2021, Judge Hagerty issued an order on the contempt motions.  *Id.*  Gaines

claims this order "lacks the legitimacy of due process."  *Id.* at 11.  He states that the order "falsely

claims that I appeared in the courtroom and left without permission."  *Id.* at 10.  The order required

Gaines to pay attorney's fees to Denbow, and Gaines alleges "the amount is actually the total of

all of Mr. Denbows fees" and  was a "grossly disproportionate penalty in violation of the [Eighth]

Amendment." *Id.* at 12.  He goes on to allege that "these actions are criminal violations of Title 18

USC section 241 and 242, and it is extortion."  *Id.*

2

The complaint alleges additional constitutional violations resulting from additional hearings and orders in Judge Hagerty's court, however only three of the other alleged violations mention the involvement of Denbow or Sturgeon.   *See id.* at 13–15.  On July 1, 2019, Gaines alleges a violation of due process during a hearing in Judge Hagerty's court at which Denbow spoke "even though [he] had not yet been retained by [Sturgeon]."  *Id.* at 13.  Gaines makes a general allegation that Denbow and friend of the court Napier colluded together to commit violations of the rules of evidence.  *Id.* at 14.  Gaines also alleges that a hearing on a contempt motion was scheduled on September 14, 2020, but cancelled because "through an ex parte communication, Mr. Denbow knowingly (and provably) made a false claim that the hearing was no longer needed. . . . Due process violation."  *Id.* at 15.

Gaines' claim for relief requests that "the orders and judgments of Judge Hagerty concerning custody or support be voided."  DN 1, at PageID # 7.  He also asks that the Court grant him "full custody [of his daughter] with no less than the recommended 90 day isolation from her mother. . . any future parenting time should be based on my daughters progress in therapy."  *Id.* Gaines additionally asks that "any damages that occur after this is filed as a result of those orders and judgments be added to my relief."  *Id.*  He further requests costs and legal fees related to this litigation and the cost of therapy for his daughter for two years.  *Id.*  Gaines also demands that "the defendants MUST be investigated for any and all violations under Title 18, U.S.C., Section 241, and Section 242 without delay."  *Id.*

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  The party that seeks to invoke federal jurisdiction

bears the burden of establishing the court's jurisdiction. *Id.* Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This rule "recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject matter jurisdiction." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Federal courts have jurisdiction under section 1331 in 'only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law.'" *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983)). Allegations contained in a "complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Even so, courts are not required to "conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

## III.   DISCUSSION

Several abstention doctrines apply to the claims in this matter, and therefore this Court must abstain from exercising jurisdiction over this action.

### A.   Domestic Relations Exception

Gaines' complaint asks the Court to issue a child custody decree, and the domestic relations exception to federal jurisdiction applies. "Under the domestic relations exception federal courts are precluded from exercising jurisdiction over cases whose substance is primarily domestic relations." *Chambers v. Michigan*, 473 F. App'x 477, 478 (6th Cir. 2012). "[T]he domestic

relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992).  "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."  *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

The exception will apply when "a plaintiff positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing" decree.  *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015)).  To determine if the exception applies, courts "focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?"  *Chevalier*, 803 F.3d at 797.  "[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts."  *Id.*

Though this suit was brought in the guise of a federal question, the complaint asks this Court to void the state court's child custody and support order, grant Gaines full custody of his daughter, and modify Sturgeon's custody over the child.  This Court does not have the power to issue a child custody decree, and federal courts do not have jurisdiction to resolve domestic relations matters.  The Court concludes that the domestic relations exception applies to this case, and the case must therefore be dismissed.

## B.    *Younger* Abstention

This Court has applied the *Younger* abstention doctrine in this case to dismiss claims against Hagerty and Napier.  *See* DN 26.  Under *Younger*, federal courts are precluded from interfering with "ongoing state criminal prosecution[s]," "certain civil enforcement proceedings,"

and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' such as contempt orders." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368, 109 S. Ct. 2506, 2518, 105 L. Ed. 2d 298 (1989)). To evaluate whether *Younger* abstention is proper, courts consider whether: "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Id.* at 369 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34, 102 S. Ct. 2515, 2521–22, 73 L. Ed. 2d 116 (1982)).

The Sixth Circuit has applied *Younger* abstention to challenges of state court procedures in "civil contempt proceedings in domestic relations support cases." *Parker v. Turner*, 626 F.2d 1, 4 (6th Cir. 1980). In *Parker*, the Court found that "the state's interest in preserving the integrity of its contempt proceedings, as well as its domestic relations cases, requires us to analyze this case under Younger." *Id.* In *Alexander v. Rosen*, the Sixth Circuit noted that *Younger* abstention is justified when a case requires "'unduly intrusive interference with' a pending state case." 804 F.3d 1203, 1207 (6th Cir. 2015) (quoting *Sevier v. Turner*, 742 F.2d 262, 270 (6th Cir. 1984)). *Alexander* noted that the Sixth Circuit has applied *Younger* abstention when a plaintiff asked the court "to regulate 'the day-to-day conduct of state hearings,' assess the constitutionality of procedures used in those hearings, or opine on the merits of the child support determination." *Id.* (quoting *Sevier*, 742 F.2d at 270).

Gaines' complaint asks this Court to assess the constitutionality of procedures used in state court child custody, support, and contempt hearings. *See* DN 1-1. This Court has previously analyzed Gaines' claims under *Younger* and found: that the state court remained a pending forum

to modify and appeal trial court orders and procedures; that administering child custody and support systems was a compelling and overriding state interest; that Gaines had the ability to present constitutional claims as part of the appeal process in the Kentucky courts; and that Gaines had failed to demonstrate bad faith to overcome *Younger* abstention. DN 26, at PageID # 442–444. The state court remains a pending forum because child custody and support orders are subject to modification at any time. *See* DN 26, at Page ID # 443. Therefore, *Younger* abstention is proper in this case.

### C.    *Rooker-Feldman* Doctrine

To extent that the complaint contains a claim over which state proceedings are no longer pending, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, a federal district court may not hear an appeal of a case already litigated in state court for alleged federal law error. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

Insofar as Gaines' claim requests damages resulting from injuries caused by state court decisions, *Rooker-Feldman* bars such a claim from being heard in a federal district court. Therefore, any such claim falls outside the jurisdiction of this Court.

### D.      Criminal Violation

Gaines' complaint alleges that the defendants committed criminal violations and commands the Court to investigate the defendants.  There are no civil remedies for the alleged criminal violations.   *See McCauley v. Computer Aid Inc.*, 447 F. Supp. 2d 469, 477 (E.D. Pa. 2006), *aff'd,* 242 F. App'x 810 (3d Cir. 2007) ("18 U.S.C. §§ 241 and 242 are criminal statutes that do not provide for a civil remedy."). A private citizen has no right to institute a criminal prosecution in federal court, and federal courts lack jurisdiction over such suits under Article III of the Federal Constitution. *Mikhail v. Kahn*, 991 F.2d 596, 634 (E.D. Pa.), *aff'd,* 572 F. App'x 68 (3d Cir. 2014); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 36 L. Ed. 2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Likewise, an individual may not sue to compel officials to initiate a criminal investigation. *Williams ex rel. Faison v. U.S. Penitentiary Lewisburg, Pa*, 377 F. App'x 255, 256 (3d Cir. 2010).  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965).  "It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." *Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970) (quoting *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965)).  This Court does not have the power to direct that criminal charges be filed against the defendants.

IV.     **CONCLUSION**

In light of the Court's conclusion that it lacks subject matter jurisdiction over the complaint

under Rule 12(h)(3), the Court will vacate the clerk's entry of default against Defendants Sturgeon

and Denbow.  Accordingly, this action will be dismissed for lack of subject matter jurisdiction,

and all pending motions will be denied as moot.

A separate order will be entered in accordance with this opinion.

April 3, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

9